UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00456-MOC-DSC
(Consolidated with No. 3:12-cv-00474 and No. 3:12-cv-00624)

| | |
|---|---|
| **MAURINE NIEMAN, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **DUKE ENERGY CORPORATION, et al.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (#89).

**WHEREAS**, a consolidated securities class action is pending in this Court captioned *Maurine Nieman, et al. v. Duke Energy Corporation, et al.*, No. 3:12-cv-456 (the "Action"); and

**WHEREAS**, on March 5, 2015, plaintiffs Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund and LongView LargeCap 500 Index VEBA Fund, Gerald Friesen, Carolyn Friesen and Craig Bacino, individually and as Trustee for the Janice and Craig Bacino Trust (collectively, the "Lead Plaintiffs"), on behalf of themselves and the proposed Settlement Class (as herein defined), and defendants Duke Energy Corporation ("Duke"), James E. Rogers, William Barnet III, G. Alex Bernhardt, Sr., Michael G. Browning, Daniel R. DiMicco, John H. Forsgren, Ann Maynard Gray, James H. Hance, Jr., E. James Reinsch, James T. Rhodes, Philip R. Sharp, Lynn J. Good, Steven K. Young and Marc E. Manly (collectively, the "Settling Defendants" and, together with Lead Plaintiffs, the "Parties"), by and through their

-1-

respective counsel, entered into a Stipulation of Settlement (the "Stipulation") (#92), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Action; and

**WHEREAS**, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, together with the exhibits attached thereto and incorporated by reference therein, and found good cause for entering the following order;

**IT IS HEREBY ORDERED** that:

1. The Court, for purposes of this order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs and all members of the Settlement Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any action with regards to any of the Settled Claims against the Released Parties.

3. The Court hereby certifies, solely for purposes of effectuating the Settlement, pursuant to Federal Rule of Civil Procedure 23, a Settlement Class consisting of all Persons who purchased or acquired shares of Duke common stock between June 11, 2012 and July 9, 2012, inclusive, including former Progress shareholders who acquired shares of Duke common stock directly in the Merger of Duke and Progress. Excluded from the Settlement Class are the Settling Defendants, including all predecessors, successors, past, present or future parents, subsidiaries or

-2-

Case 3:12-cv-00456-MOC-DSC   Document 93   Filed 03/25/15   Page 2 of 13

affiliates of Duke and the families and affiliates of the Individual Defendants. Also excluded from the Settlement Class are all Persons who exclude themselves from the Settlement Class by timely and validly requesting exclusion in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses and Final Approval Hearing (the "Notice") (#89-3).

4. Pursuant to Federal Rule of Civil Procedure 23 and for purposes of settlement only, the Court certifies Lead Plaintiffs Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund and LongView LargeCap 500 Index VEBA Fund, Gerald Friesen, Carolyn Friesen and Craig Bacino, individually and as Trustee for the Janice and Craig Bacino Trust, as representatives for the Settlement Class and appoints Lead Counsel Robbins Geller Rudman & Dowd LLP and Kessler Topaz Meltzer & Check, LLP as class counsel for the Settlement Class. Lead Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

5. With respect to the Settlement Class, the Court finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied as: the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; there are questions of law and fact common to the Settlement Class which predominate over any individual questions; the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and a class action is superior to other available methods for the fair and efficient

adjudication of the controversy, considering: the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

6. The Court hereby preliminarily approves the Settlement of the Action as set forth in the Stipulation, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Preliminary Approval Order.

7. The Court hereby approves the retention of Gilardi & Co. LLC ("Gilardi") as the Claims Administrator in connection with the Settlement to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    i. No later than twenty (20) calendar days after entry of this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release Form ("Proof of Claim"), substantially in the form attached as Exhibits A-1 (#89-3) and A-2 (#89-4), respectively, to Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement (#89), and incorporated by reference therein, to be mailed by first-class mail, postage prepaid, to all members of the Settlement Class who may be identified through

-4-

Case 3:12-cv-00456-MOC-DSC   Document 93   Filed 03/25/15   Page 4 of 13

reasonable effort, including as contained on the shareholder lists provided by the Settling Defendants as set forth in the Stipulation (the "Notice Date");

ii. A summary notice (the "Summary Notice"), substantially in the form attached as Exhibit A-3 (#89-5) to Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement (#89), and incorporated by reference therein, shall be published once in the national edition of *Investor's Business Daily* and over the *PR Newswire* no later than seven (7) calendar days following the Notice Date;

iii. The Stipulation, Notice, Summary Notice and Proof of Claim shall also be placed on the website created for the Settlement, on or before the Notice Date; and

iv. No later than fourteen (14) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Court affidavits or declarations showing that the mailing and publication have been made in accordance with this Order.

8. No later than ten (10) days after the Stipulation is filed with the Court, the Settling Defendants shall provide notice at their expense of the proposed Settlement to appropriate federal and state officials to the extent required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715 ("CAFA"). No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Settling Defendants shall file with the Court an affidavit or declaration showing timely compliance with any applicable CAFA notice directive.

9. The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Proof of Claim, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶7 of

-5-

Case 3:12-cv-00456-MOC-DSC   Document 93   Filed 03/25/15   Page 5 of 13

this Preliminary Approval Order meet the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

10. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased or acquired shares of Duke common stock for the benefit of another Person during the Settlement Class Period. Those brokers and other nominees are directed to either:

> i. send the Notice and Proof of Claim to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or
>
> ii. send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Proof of Claim to such beneficial owners within ten (10) calendar days after receipt thereof.

Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim. Such properly documented expenses incurred

by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

11. Pursuant to Federal Rule of Civil Procedure 23(e), **the Final Approval Hearing shall be held on Wednesday, August 12, 2015, at 9:30 a.m., in the United States District Court for the Western District of North Carolina, Charlotte Division,** for the following purposes:

    i.    to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class;

    ii.    to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

    iii.    to determine whether the Court should reaffirm its certification, for purposes of effectuating the Settlement, of the Settlement Class, reaffirm its certification of Lead Plaintiffs as representatives for the Settlement Class and reaffirm its appointment of Lead Counsel as class counsel for the Settlement Class;

    iv.    to determine whether the Order and Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against the Settling Defendants with prejudice and extinguishing and releasing all Settled Claims (as defined in the Stipulation);

    v.    to consider Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses;

    vi.    to consider Lead Plaintiffs' application for reimbursement of costs and expenses (including lost wages) in connection with their representation of the Settlement Class; and

    vii.    to rule on such other matters as the Court may deem appropriate.

12. The Court reserves the right to adjourn the Final Approval Hearing or any adjournment thereof, including the consideration of any application(s) for attorneys' fees and expenses, or to change the location thereof, without further notice of any kind to Settlement Class Members.

13. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modification as to which the Parties to the Stipulation may consent and without further notice to the Settlement Class.

14. Any qualified member of the Settlement Class who wishes to object to the Settlement must file with the Court and serve on counsel (listed below), such that it is received no later than fifty-five (55) calendar days following the Notice Date, a written statement of objection to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses, and/or Lead Plaintiffs' application for reimbursement of costs and expenses in connection with their representation of the Settlement Class. Any member of the Settlement Class who timely and properly objects to the Settlement, the Plan of Allocation, and/or the application(s) for attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Final Approval Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other

-8-

Case 3:12-cv-00456-MOC-DSC   Document 93   Filed 03/25/15   Page 8 of 13

documents submitted by any Person shall be considered by the Court, unless such Person files with the Court and serves upon counsel listed below:

    i.    the full name, address, and telephone number of the objecting Settlement Class Member;

    ii.    a list identifying the amount and date of each purchase, acquisition and sale of Duke common stock and the price paid and/or received and documentation, such as brokerage confirmation receipts, for any transactions involving Duke common stock during the Settlement Class Period;

    iii.    a written statement of all grounds for the objection accompanied by any legal support for the objection;

    iv.    copies of any papers, briefs or other documents upon which the objection is based;

    v.    a statement of whether the objector intends to appear at the Final Approval Hearing; and

    vi.    the objector's signature, even if represented by counsel.

Such filings shall be served upon the Court and the following counsel such that they are received no later than fifty-five (55) calendar days following the Notice Date:

*Lead Counsel:*

Tor Gronborg, Esq.
Jeffrey D. Light, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Eli R. Greenstein, Esq.
Stacey M. Kaplan, Esq.
KESSLER TOPAZ MELTZER & CHECK, LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104

*Counsel for the Settling Defendants:*

Debbie W. Harden, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
301 South College Street, Suite 3500
Charlotte, NC 28202-6037

Steven M. Bierman, Esq.
Andrew W. Stern, Esq.
Erica S. Malin, Esq.
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019

15. Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is received no later than fifty-five (55) calendar days following the Notice Date. A Request for Exclusion must state: (i) the full name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the amount and date of each purchase, acquisition and sale of Duke common stock and the price paid and/or received for any transactions involving Duke common stock during the Settlement Class Period; and (iii) that the Person wishes to be excluded from the Settlement

-10-

Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund.

16. Any Settlement Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Proof of Claim in accordance with the instructions contained therein to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than ninety (90) calendar days following the Notice Date unless the Court orders otherwise. A Proof of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. All Settlement Class Members who do not submit a valid and timely Proof of Claim shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Proof of Claim, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as provided herein. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

17. If the Settlement is terminated, the Settlement is not approved, or the Settlement otherwise does not occur, this Preliminary Approval Order shall be terminated and shall become null and void and of no further force and effect except as set forth in the Stipulation.

-11-

Case 3:12-cv-00456-MOC-DSC   Document 93   Filed 03/25/15   Page 11 of 13

18. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

20. The Court authorizes payment out of the Settlement Fund of Notice and Administration Costs in accordance with the Stipulation. In the event that the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶7.2 of the Stipulation.

21. The Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of a presumption, admission or concession on the part of the Lead Plaintiffs, any Settling Defendant, any member of the Settlement Class, or any other Person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Lead

-12-

Case 3:12-cv-00456-MOC-DSC   Document 93   Filed 03/25/15   Page 12 of 13

Plaintiffs, any member of the Settlement Class, or any other Person, has or has not suffered any damage as a result of the Settling Defendants' conduct alleged in the Complaint.

22. All motions and papers in support of the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses, and Lead Plaintiffs' application for reimbursement of costs and expenses (including lost wages) in connection with their representation of the Settlement Class, shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline set forth in ¶14 above, and all reply briefs in support of said motions shall be filed and served no later than fourteen (14) calendar days prior to the Final Approval Hearing.

23. The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

24. No Person that is not a Settlement Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members.

Signed: March 25, 2015



Max O. Cogburn Jr
United States District Judge