UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00456-MOC-DSC

| | | |
|---|---|---|
| **MAURINE NIEMAN, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | <u>CLASS ACTION</u> |
| Vs. | ) | FINAL JUDGMENT |
| | ) | |
| **DUKE ENERGY CORPORATION, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

WHEREAS, a consolidated class action is pending in this Court captioned *Maurine Nieman, et al. v. Duke Energy Corporation, et al.*, No. 3:12-cv-456 (the "Action"); and

WHEREAS, this matter came before the Court for hearing pursuant to the Court's March 25, 2015 Preliminary Approval Order (ECF No. 93), on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 5, 2015 (the "Stipulation") entered into by plaintiffs Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund and LongView LargeCap 500 Index VEBA Fund, Gerald Friesen, Carolyn Friesen and Craig Bacino, individually and as Trustee for the Janice and Craig Bacino Trust (collectively, the "Lead Plaintiffs"), on behalf of themselves and the proposed Settlement Class (as herein defined), and defendants Duke Energy Corporation ("Duke"), James E. Rogers, William Barnet III, G. Alex Bernhardt, Sr., Michael G. Browning, Daniel R. DiMicco, John H. Forsgren, Ann Maynard Gray, James H. Hance, Jr., E. James Reinsch, James T. Rhodes, Philip R. Sharp, Lynn J. Good, Steven K. Young and Marc E. Manly (collectively, the "Settling Defendants"), by and through their respective counsel; and

1

WHEREAS, due and adequate notice having been given to the Settlement Class and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, and over all Parties to the Action, including all members of the Settlement Class.

3. The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for purposes of effectuating the Settlement, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all Persons who purchased or acquired shares of Duke common stock between June 11, 2012 and July 9, 2012, inclusive, including former Progress shareholders who acquired shares of Duke common stock directly in the Merger of Duke and Progress. Excluded from the Settlement Class are the Settling Defendants, including all predecessors, successors, past, present or future parents, subsidiaries or affiliates of Duke and the families and affiliates of the Individual Defendants. Also excluded from the Settlement Class are Persons who excluded themselves from the Settlement Class by timely and validly requesting exclusion in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses and Final Approval Hearing (the "Notice") (ECF No. 89-3), as listed on Exhibit A hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval

Order certifying Lead Plaintiffs Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund and LongView LargeCap 500 Index VEBA Fund, Gerald Friesen, Carolyn Friesen and Craig Bacino, individually and as Trustee for the Janice and Craig Bacino Trust, as representatives for the Settlement Class and appointing Lead Counsel Robbins Geller Rudman & Dowd LLP and Kessler Topaz Meltzer & Check, LLP as class counsel for the Settlement Class.

5. Notice has been given to the Settlement Class, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice and publication of the Summary Notice was filed with the Court by Lead Counsel, and a full opportunity to be heard has been offered to all Parties, the Settlement Class, and Persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, the Constitution of the United States, and any other applicable law, and it is further determined that all members of the Settlement Class are bound by the Judgment herein.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiffs and the Settlement Class. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. The Court further finds that the record is sufficiently developed and complete to have enabled the Parties to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the

Stipulation is hereby finally approved in all respects. The Parties are hereby directed to perform its terms.

7. The Action and all claims included therein, as well as all of the Settled Claims (defined in the Stipulation and in Paragraph 8(b) below), are dismissed with prejudice as to Lead Plaintiffs and the other members of the Settlement Class, and as against each and all of the Released Parties (defined in the Stipulation and in Paragraph 8(a) below). The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. As used in this Judgment, the terms "Released Parties," "Settled Claims," "Released Parties' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Released Parties" means collectively, the Settling Defendants and the Related Parties (*i.e.*, with respect to each Settling Defendant, its predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, auditors and accountants, insurers and reinsurers, and any firm, trust, corporation, or other entity in which any of the Settling Defendants has or had a controlling interest).

(b) "Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown (as defined herein), whether arising under federal, state, or common law, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or referred to in the Complaint and that relate to any purchase of, acquisition of, or exchange for Duke common stock during the Settlement Class Period. Notwithstanding

the foregoing, "Settled Claims" does not include claims asserted in any derivative action based on similar allegations or any claims relating to the enforcement of the Settlement.

(c) "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown (as defined herein), whether arising under federal, state or common law, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them or the successors and assigns of any of them against Lead Plaintiffs, any Settlement Class Member or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(d) "Unknown Claims" means any and all Settled Claims that Lead Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date and any Released Parties' Claims that any Released Party does not know or suspect to exist in his, her or its favor as of the Effective Date, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and the Settling Defendants shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall expressly have waived, any and all provisions, rights and benefits conferred by California Civil Code §1542 or any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge, and Settlement Class Members and Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

9. Upon the Effective Date, each of the Settlement Class Members shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Settled Claim against the Released Parties, regardless of whether or not such Settlement Class Member executes and delivers a Proof of Claim.

10. Upon the Effective Date, the Released Parties shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every one of the Released Parties' Claims against Lead Plaintiffs, and their respective attorneys, and all other Settlement Class Members.

11. The Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of a presumption, concession or admission on the part of Lead Plaintiffs, any Settling Defendant, any member of the Settlement Class, or any other Person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Settlement Class, or any other Person, has or has not suffered any damage as a result of the Settling Defendants' conduct alleged in the Complaint.

12. Any order approving or modifying the Plan of Allocation set forth in the Notice or the application(s) for attorneys' fees and expenses shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein.

13. The Court finds that, during the course of the Action, all Parties and their counsel complied fully with Rule 11 of the Federal Rules of Civil Procedure.

14. Only those Settlement Class Members that submit valid Proofs of Claim shall be entitled to participate in the Settlement and to receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Settlement Class Members shall further release all Settled Claims against the Released Parties. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

15. Pursuant to the provisions of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737, 15 U.S.C. §78u-4(f)(7) (the "PSLRA"), the Court hereby bars all future claims for contribution arising out of the Action (a) by any person against any settling covered person (as defined in the PSLRA), and (b) by the settling covered person (as defined in the PSLRA) against any Person, other than a Person whose liability to the Settlement Class has been extinguished by the settlement of the settling covered person.

16. No Authorized Claimant shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Released Parties, Settling Defendants' Counsel, the Claims Administrator, or any other person or entity designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Settling Defendants, Settling Defendants' Counsel, or any of the Released Parties with respect to the management, investment, maintenance or distribution of the Net Settlement Fund, the

determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Settlement Class Members.

17. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Any Person may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Settlement Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys' fees and Litigation Expenses and any application by Lead Plaintiffs for reimbursement of costs and expenses in connection with their representation of the Settlement Class; and (3) supervising the distribution of the Settlement Fund.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Signed: November 2, 2015

Max O. Cogburn Jr
United States District Judge

# **EXHIBIT A**

**Valid Requests for Exclusion were submitted by the following:**

1. Adams, Shirley A.; Winston Salem, NC

2. Aiken, Frances M.; Eden, NC

3. Allman, Mary P.; Seminole, FL

4. Ann C. Cole Living Trust; West Palm Beach, FL

5. Anthony, Shirlee E.; Houston, TX

6. Benzing, Joyce E. & Robert J.; Valencia, PA

7. Best, Jean; Roseburg, OR

8. Bradley, Mable M.; Brandon, MS

9. Bryant, Mary Z.; Kennebunkport, ME

10. Carroway, Michael & Deborah-Cust.; Crawfordville, FL

11. Catherine M. Gray Revocable Living Trust U/A DTD 9/10/2007; Marion, NC

12. Charles T. Sikes & Carole M. Sikes TR UA Oct. 14, 2009; Austin, TX

13. Chivers, Richard; Charlotte, NC

14. Clapp, Opal R.; Irving, TX

15. Cousin, Herbert L. (deceased) & Martha; Stockbridge, GA

16. Crawford, Gene R. & Irene V.; Des Moines, IA

17. Crawford, Julia Claudette; Anderson, SC

18. Davenport, James A.; Midlothian, VA

19. Davis, O. Juhree; Ardmore, OK

20. Dennis, Phania J.; Houston, TX

21. Denton, Gwynne & James R.; Albuquerque, NM

22. Deschamps, Jeanne P.; Houston, TX

23. Dow-Wat-Chers Investment Club; Union, SC

24. Dubois, Margaret & Elizabeth L. Bartusiewicz-co-owner; Momence, IL

25. Dunlap, Claud E.; Edgewood, NM

26. Ellis, Frances D.; Hilton Head, SC

27. Erwin R. Null & Beverly Null Tr UA Apr 01, 1998 Revocable Trust ; Palm Springs, CA

28. Estes, Howard D.; New Castle, DE

29. Farber, David & Phyllis; Jamaica Plain, MA

30. Fellman, Carroll W. & Ruth H.; Smyrna, TN

31. Flowers, Irene S. & Robert H.; Youngstown, OH

32. Furry, Joseph; Clifton Forge, VA

33. Graeber, Lucinda M.; Yucaipa, CA

34. Grafe, Eleanor L.; Brunswick, ME

35. Guenther, Werner M.; Danbury, CT

36. Hamm, Catherine & Sherwood P.; Liberty, NC

37. Hannaka, Audrey M.; Tamarac, FL

38. Henry, Annabel & Emil; Centralia, MO

39. Henry, Cartney M. & Alex F. Howard-Cust.; Monroe, NC

40. Henry, Lennon A. & Alexander F. Howard-Cust.; Monroe, NC

41. Henry, Shaler A. & Alex F. Howard-Cust.; Monroe, NC

42. Hillman, Marvin E.; Knightdale, NC

43. Hintz, Joseph W.; Santa Clara, CA

44. Hoak, Conard W.; Luray, VA

45. Hobbs III, Clarence W.; Charlotte, NC

46. Hoffmann, Don R. & Sue L.; Fort Thomas, KY

47. Hofmann, Rolf; Ettlingen, Germany

48. Holtzclaw, John L. & Pamela R.; Greer, SC

49. Howard, Alex & Sherry P.; Monroe, NC
50. Israel, Mary S.; Candler, NC
51. Jackson, William A.; Cordova, SC
52. Kent, Mary & Michael; Montclair, NJ
53. Koenig, Marie; Village, NY
54. Kuzminski, Henry & Esther; Ephrata, PA
55. Lecorchick, Elizabeth G.; Henrico, NC
56. Lee, Helen S.; Anderson, SC
57. Long, Marilee; Elberton, GA
58. Lott, Kathleen G.; Brownsburg, IN
59. Lunsford, Linda; Guymon, OK
60. Maclean, Steven H.; Santa Fe, NM
61. MacLeod, Margaret A.; Vienna, VA
62. Mattox, Barbara W.; Savannah, GA
63. Maxwell, Jean M. & John L.; Cincinnati, OH
64. McGillvray, Dennis; Quincy, MA
65. McLean, David K. & Linda S.; Greensboro, NC
66. Merlyn G. Blomberg & Betty L. Blomberg TR UA Sept 23 97 Blomberg Living Trust; Overland Park, KS
67. Miller, Harriet E. & Robert E.; Sublimity, OR
68. Mills, Mettie J.; Cary, NC
69. Mitchell, Robert W.; Marietta, GA
70. Needham, Burnus E. & James L.; Avondale, PA
71. Nichol, Sally Abbott & The Wendell E. Abbott Trust; Stockbridge, MI
72. Nichol, Sally Abbott & The Wendell E. Abbott Trust; Stockbridge, MI (Duplicate)
73. Norton, Don M.; Lithonia, GA

74. Nunley, Elizabeth R. & John W.; Simpsonville, SC

75. Penn, Joan T.; Pickens, SC

76. Prescott, Benjamin Carroll; Lexington, NC

77. Rizzi, Mark; Highland, NY

78. Robert Shean Riley & Matsuko Riley Revocable Trust, UA Aug 14 1998; Lawton, OK

79. Roberts, June & Truman; Lake Wales, FL

80. Rodman, Wendy C.; Oshkosh, WI

81. Roszek, Raymond & Neva; Moorestown, NJ

82. Sanders, Muriel; Hendersonville, NC

83. Schaffer, Marjorie; Austin, MN

84. Schaffer, William R.; Austin, MN

85. Schibler, Earl B. & Carol J.; Troy, OH

86. Schrickel, Lewis E.; Cadiz, OH

87. Scott, Eddie M.; Ripley, OH

88. Scott, Laurelee M, Trustee for the Marital Deduction Trust of James Allan Brown; Goodyear, AZ

89. Slamka, Joseph E; Chesterton, IN

90. Slamka, Joseph E. & Ruthanne; Chesterton, IN

91. Slamka, Ruthanne; Chesterton, IN

92. Staples, Alton B. & Maude S.; Wendell, NC

93. Stephens, Ida & Virginia W. Eoff Trust UAD Apr 20, 1999; Glendale, AZ

94. Stickle, Doris K. & Fred O.; St. Charles, IL

95. Stokes, Diana F. & Jerry L.; Mt. Vernon, KY

96. Stricker, Heidi; Brevard, NC

97. Strohmeier, Ernest & Susanne; Warsaw, MO

98. Stromberg, Sandra F.; Houston, TX

99. Vazquez, Alejandro M. & Emilio A.; Miami, FL

100. Washinsky, Susan & John; Clemmons, NC

101. Westlake, Nellie E.; Springfield, OR

102. Wheeler, Erika A. & Henry A.; Carrollton, GA

103. Whitsell, Milton; Woodinville, WA

104. Winter, Dolores I.; Arlington, VA

**Invalid Requests for Exclusion Submitted by the following:**

1. Aviles, Robin; New York, NY

2. Baker, Shirley M; The Villages, FL

3. Barnett, Quintine; Lakeland, FL

4. Bement, Robert; Williamston, MI

5. Black, Maxalee (deceased) & Stephen Black, V. Stewart Black & Stephanie Thompson; Buena Vista, CO

6. Broadway, Allen L.; Charlotte, NC

7. Cranshaw, Joyce A.; Fredericksburg, VA

8. Cranshaw, Joyce A.; Fredericksburg, VA (Duplicate)

9. Cranshaw, Sheila; Fredericksburg, VA

10. Criscoe, Thomas L.; Rockingham, NC

11. Di Prima, Katherine K.; Nauvoo, IL

12. Dodd, Mary Lee; Vincennes, IN

13. Dodd, Mary Lee; Vincennes, IN (Duplicate)

14. Dragos, Patricia & Stephen; Rockville, MD

15. Esposito, Carmela & Salvatore; Vero Beach, FL

16. Eversole, Michael D.; Erlanger, KY

17. Ford, Elizabeth; Savannah, GA

18. Harris, Connie W. & Logan G.; Mt. Gilead, NC

19. Hart, James T. & The Hart Living Trust; Cincinnati, OH

20. Hart, Janice G.; Mount Holly, NC

21. Hopkins, Brenda C.; Durham, NC

22. Hoppes, Jack N.; Bostic, NC

23. Hoskins, Charles; Eden, NC

24. Hughes, Arley R.; Saint Marys, GA

25. Jackman, Mary D. & Joe W.; Dexter, MO

26. James Frederick Zahm & Carol Sue Zahm TR UA DTD 1/4/91 Zahm Revocable Family Trust; Fort Worth, TX

27. Jones, Rebecca J.; Asheville, NC

28. Kaetzel, Jo Ann G.; Boonsboro, MD

29. Lang, Edmonia L.; Edward, NC

30. Loveless, Eldon & Mary C.; Naples, FL

31. Maron, Jeffrey J.; South Jersey, NJ

32. McCraw, Betsy; Mount Airy, NC

33. McKinzie, Rosemary E. as Trustee UTA DTD 6/1/1990 FBO William E. McKinzie Jr. & Rosemary E. McKinzie Trust; Sedalia, MO

34. McLaughlin, Alberta M.; Dundalk, MD

35. McNew, Jack T.; Hartsville, SC

36. McNew, Jack T.; Hartsville, SC (Duplicate)

37. Melgoza-MacCauley, Carol L.; Colorado Springs, CO

38. Melko, Thomas A.; Green Bank, WV

39. Mierkey, Harold M. & Harold M. Mierkey TR UA 04/18/2008; Largo, FL

40. Morris, Roy R.; Markham, VA

41. Newmons, Rose M. & Willie D.; Apopka, FL

42. Nichols, Emiliana P.; New Bern, NC

43. Nichols, Emiliana P. & Frederick I.; New Bern, NC

44. O'Brien, Ann D.; Franklin, VA

45. Orndorff, Georgie E.; Alexandria, VA

46. Pacheco, Edward M.; San Jose, CA

47. Papas, Aspasir; Wheeling, IL

48. Perkins, Ridgaway; Moore, SC

49. Petsch, Mike; Dayton, OH

50. Porter, Millicent K. & William S.; Charlotte, NC

51. Reneau, David L. & Sonja H.; Thomasville, GA

52. Roberson, Brenda M. & Woodrow T.; Cary, NC

53. Robert H. Martin and Betty S. Martin Revocable Living Trust; Charleston, SC

54. Salter, Herman & Maron C.; Mabank, TX

55. Scruggs, Wofford; Belmont, NC

56. Selover, Mary B.; Bridgewater, NJ

57. Shamrock, Nancy, D.; New Braunfels, TX

58. Simanek, Jacqueline B.; Cleveland, SC

59. Sloas, Harold A.; Winter Springs, FL

60. Smedley, Margaret A.; Cleveland, OH;

61. Soladay, Charles & Ethel & Jeffrey C. Soladay; Taylors, SC

62. Sprague, Betty L. & Charles K.; Brookville, IN

63. Thrasher-Riggs, Alexa O. & Laura L.; Phoenix, AZ

64. Thrasher-Riggs, Mara Lynn & Laura L.; Phoenix, AZ

65. Thrasher-Riggs, Tyler & Laura L.; Phoenix, AZ

66. Twillis, Patricia; Jacksonville, FL

67. Umphres, T. Edward (deceased) & Lillian G. Umphres; Creve Coeur, MO

68. Vick, Judith K.; Raleigh, NC

69. Walter Raymond Jr. Trust with Violet M. Raymond TR UA 051297; McLean, VA

70. Wardlaw, Gerry; Hartsville, TN

71. Watson, Nancy J. & William T.; Terre Haute, IN

72. Willis, Betty Lyerly; Mount Airy, NC

73. Wormald, Francis; Midlothian, VA