UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00456-MOC-DSC

| | |
|---|---|
| **MAURINE NIEMAN, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CLASS ACTION |
| Vs. ) | ATTORNEYS' FEES ORDER |
| ) | |
| **DUKE ENERGY CORPORATION, ET AL.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** having come before the Court on August 12, 2015, on the motion of Lead Counsel for an award of attorneys' fees and expenses and Lead Plaintiff's expenses in the litigation, and the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated March 5, 2015 (the "Stipulation") and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3. The Court hereby awards Lead Counsel attorneys' fees of **18%** of the Settlement Fund, plus expenses in the amount of $191,738.27, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount

1

of fees awarded is fair and reasonable under the "percentage-of-recovery" method after an analysis of relevant factors outlined by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714-717-19 (5th Cir. 1974), which were adopted by the Fourth Circuit in *Barber v. Kimbrell's*, 577 F.2d 216, 226 (4th Cir. 1978). In so doing, the court has considered the objections to the fee award filed by Donald Robert Pierson II and Fiduciary Counselors, Inc. While plaintiffs' counsel requested **24.5%**, the requested lodestar multiplier of 8.75 (which is merely a crosscheck) is far beyond the range courts have found acceptable in other large securities actions. Most courts agree that the typical lodestar multiplier in a large post-PSLRA securities class actions ranges from 1.3 to 4.5. In re Cendant Corp. PRIDES Litigation, 243 F.3d 722 (3rd Cir. 2001). A multiplies of 4.5 would, in the circumstances of this case, be inappropriately too low. Where courts do approve a particularly high multiplier, they have held, as follows:

> the Court is not uncomfortable with deviating from the normal range of lodestar multipliers, at least to some extent. Given the outstanding settlement in this case and the noticeable skill of counsel, a lodestar multiplier greater than the average would not be unwarranted or unprecedented. Indeed, the Court has adopted the percentage approach, and the lodestar cross check is but one of several factors it must consider; it should not unilaterally control the Court's analysis. From the Court's analysis of the previous factors, the Court has found that approximately 18% is a reasonable award, which would yield a lodestar multiplier of six. Though significantly above average, the Court finds this award reasonable under the circumstances.

In re Cardinal Health Inc. Securities Litigations, 528 F.Supp.2d 752, 768 (S.D.Ohio 2007). Even at 18%, the multiplier remains high, but is facially reasonable under the circumstances of this action wherein counsel took substantial risk, results were not assured, the legal issues were difficult, and the class was broad. The amount of the settlement and the efficiency of counsel in reaching such a resolution reinforce an upward variance from a 4.5 multiplier, but not an 8.0 multiplier. Considering all of the arguments presented, the court finds that the work

2

accomplished in this case -- which was substantial -- is reasonably compensated by an 18% fee when the *Johnson* factors are considered and then crosschecked.

4. The fees and expenses shall be allocated among plaintiffs' Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution, and resolution of the litigation. Pursuant to 15 U.S.C. §77z-1(a)(4) and 15 U.S.C. §78u-4(a)(4), Lead Plaintiff Amalgamated Bank is awarded $20,612.50 for its representation of the Settlement Class during the litigation.

5. The awarded attorneys' fees and expenses and interest earned thereon, shall immediately be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶¶8.1-8.2 thereof, which terms, conditions, and obligations are incorporated herein.

## ORDER

**IT IS, THEREFORE, ORDERED** that Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (ECF No. 96) is **GRANTED** attorneys' fees of 18% of the Settlement Fund are **ALLOWED**, plus expenses in the amount of $191,738.27, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. Lead Plaintiff Amalgamated Bank is awarded $20,612.50 for its representation of the Settlement Class during the litigation.

Signed: November 2, 2015

Max O. Cogburn Jr.
United States District Judge